UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA KUCHCIAK,

    Plaintiff,                         CASE NO. 09-CV-10797

*v.*                                  DISTRICT JUDGE ARTHUR J. TARNOW
                                     MAGISTRATE JUDGE CHARLES E. BINDER

CLARICE STOVALL,

    Defendant.
                              /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Paula Kuchciak is a state prisoner who is currently incarcerated at the Huron Valley Women's Complex in Ypsilanti, Michigan. On March 3, 2009, Plaintiff filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983, asserting that her Eighth Amendment right to not have her serious medical needs met with deliberate indifference was violated when she did not receive adequate medical treatment for an injury to her foot that occurred on January 16, 2006. As defendant, Plaintiff has sued Clarice Stovall, who was the warden of the Huron Valley Complex at the time the events referred to in the complaint took place.

Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on March 9, 2009. On July 30, 2009, U.S. District Judge Arthur J. Tarnow referred all pretrial matters to the undersigned magistrate judge. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004). Likewise, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his or her objections to a report and recommendation. *See Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). "If a complaint falls within the requirements of § 1915(e)(2) **when filed**, the district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612 (emphasis added).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92

S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). However, the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth).

    **1.**    **Official Capacity Claim**

The complaint states that Defendant Warden Clarice Stovall is being sued in both her individual and official capacities. (Compl., Doc. 1 at 1.) A suit against a state official in his or her official capacity brought under 42 U.S.C. § 1983 is barred by the Eleventh Amendment because such an action is, in fact, a suit against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). "As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, nor a state official sued in his official capacity is a 'person' who is subject to suit under § 1983." *Massingill v. Ohio Adult Parole Authority*, 28 Fed. Appx. 510, 511 (6th Cir. 2002) (holding that motion to amend complaint to add state officials

in their official capacities as defendants was properly denied because it would not have withstood a Rule 12(b)(6) motion to dismiss). *See also Watson v. Baxter*, No. 01-5971, 2002 WL 475263 (6th Cir. March 27, 2002) (unpublished) (affirming district court's *sua sponte* dismissal pursuant to Prison Litigation Reform Act's screening provision of complaint seeking monetary and punitive damages against a state official in his official capacity).

Accordingly, I suggest that Plaintiff's official capacity claim should be *sua sponte* dismissed for failure to state a claim because it is barred by the Eleventh Amendment.

### 2.     **Individual Capacity Claim**

A civil rights case under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Here, there is no question that Warden Stovall was acting under color of state law, the only question is whether Plaintiff has alleged that Defendant Stovall engaged in conduct that deprived Plaintiff of her rights.

The Supreme Court has made it clear that a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1948 (2009). *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant). In this case, the only allegations made in the complaint against Defendant Warden Stovall are that the "Warden and

4

her employees did not help me get emergency medical treatment," she "did not come to the unit to see my condition," and she "did not care about us prisoners." (Compl. at 3.)

On the basis of these allegations, I suggest that Plaintiff has failed to state a claim against Defendant Stovall. It is beyond dispute that liability under § 1983 must be based on active unconstitutional behavior, not on a failure to act. *See Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998) (liability must be based upon active unconstitutional behavior). *See also Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (stating that to establish personal liability of a government official under § 1983, a plaintiff must show that the official *caused* the deprivation of a federal right). Here, where Plaintiff claims that Defendant Stovall failed to act or intervene to ensure that health care workers were doing their jobs properly, I suggest that Plaintiff has not alleged that this Defendant caused a violation of her federal rights and therefore I recommend that the case be *sua sponte* dismissed for failure to state a claim upon which relief can be granted.

Additionally, to the extent Plaintiff has sued Defendant Warden Stovall because of her supervisory position as warden, I suggest that the result does not change. To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. *Monell*, 436

U.S. at 691-92. Here, where Plaintiff has not alleged that Defendant Stovall personally participated in unconstitutional conduct or that the warden was aware of widespread abuses yet did nothing, I suggest that Plaintiff has failed to state a claim under *Monell*.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                              s/ *Charles E. Binder*
                                                    CHARLES E. BINDER
Dated: August 7, 2009                        United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail Paula Kuchiak, #298671, at Women's Huron Valley Complex, 3201 Bemis Rd., Ypsilanti, MI, 48197-9307; and served on District Judge Tarnow in the traditional manner.

Date: August 7, 2009                  By    s/*Jean L. Broucek*
                                                        Case Manager to Magistrate Judge Binder